UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TERESA D. GREEN,

        **Plaintiff,**

                                      **Civil Action 2:13-cv-41**

      **v.**                                **Magistrate Judge Elizabeth P. Deavers**

CENTRAL OHIO TRANSIT
AUTHORITY,

        **Defendant.**

## OPINION AND ORDER

Plaintiff Teresa D. Green brings this employment action against her former employer, Central Ohio Transit Authority ("COTA"), pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as well as the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*  This matter is before the Court for consideration of Defendant's Motion to Dismiss for Failure to State a Claim and Lack of Jurisdiction.  (ECF No. 8.)  Plaintiff filed her Response in Opposition to Defendant's Motion on April 30, 2013.  (ECF No. 17.)  Defendant filed its Reply on May 17, 2013.  (ECF No. 19.)  For the reasons that follow, Defendant's Motion is **GRANTED**.  Plaintiff's claims of race discrimination in violation of Title VII and failure to accommodate in violation of the ADA are hereby **DISMISSED** for failure to state a claim.

## I.

According to her Complaint, Plaintiff worked for COTA from March 19, 1992 until her September 8, 2011 discharge.  (Compl. ¶ 3, ECF No. 2.)  Plaintiff is an African American

woman who suffers from a chronic lung disorder.  She alleges that she was subjected to numerous instances of discrimination on the basis of her race and disability, as well as retaliation, throughout her employment.  *Id.* at ¶¶ 9, 10.

Plaintiff filed three charges with the Equal Employment Opportunity Commission ("EEOC") during her employment with COTA.  (Compl. Exs. 1-3, ECF No. 2; Mot. 2, Exs. 2, 3, 4, ECF No. 8-2 through 8-4.)  She filed the first charge on February 10, 2011, approximately five months after she was transferred to a new facility overseen by a supervisor named John Hancock.  *Id.*  In the charge, Plaintiff alleged that the transfer constituted a failure to accommodate her disability because the new position, which exposed her to diesel fumes, aggravated her lung condition.  (Compl. ¶¶ 12-13, ECF No. 2.)  She also alleged in the charge that Hancock discriminated against her on the basis of her race and disability.  The EEOC sent Plaintiff a right-to-sue letter on January 23, 2012.  *Id.* at Ex. 1A, 1B.

Plaintiff filed a second charge with the EEOC on June 7, 2011.  (Mot. Ex. 2, ECF No. 8.)  In that charge she alleged that Hancock attempted to change her work schedule in retaliation for filing the first charge.  (Compl. ¶ 24, ECF No. 2.)  She also alleged that Defendant had continued to deny her a reasonable accommodation for her disability.  *Id.*  The EEOC never issued a right-to-sue letter with respect to this second charge, however, because the parties resolved the dispute and Plaintiff withdrew the charge.  (Mot. Ex. 3, ECF No. 8.)

Plaintiff was discharged on September 8, 2011, which led to her third and final EEOC charge.  (Compl. ¶ 26 , ECF No. 2.)  In her final charge, Plaintiff alleged that COTA terminated her in retaliation for filing the prior EEOC charges.  The EEOC sent Plaintiff a right-to-sue letter on October 22, 2012.  *Id.* at Ex. 1.

On January 15, 2013, Plaintiff filed the instant action, asserting claims related to each of the three EEOC charges set forth above.  Specifically, she asserts claims for (1) racial discrimination in violation of Title VII; (2) failure-to-accommodate and in violation of the Americans with Disabilities Act ("ADA"); and (3) retaliatory discharge.  *Id.*

## II.

Defendant moves to dismiss two sets of Plaintiff's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]  Dismissal under Rule 12(b)(6) is appropriate if the Plaintiff has failed to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).  To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Fed. R. Civ. P. 8(a).  *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. § 1915(e)(2)(B)(ii)).  Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of

---

[1]Defendant also seeks dismissal under Rule 12(b)(1) for lack of subject-matter jurisdiction because Plaintiff failed to exhaust her administrative remedies and timely file her lawsuit within 90 days of receipt of her right to sue letter.  (Mot. 3, ECF no. 8.)  Failure to exhaust administrative remedies in a Title VII action is generally not a jurisdictional requirement.  *Allen v. Highlands Hosp. Corp.*, 545 F.3d 387, 403 (6th Cir. 2008); *Emswiler v. CSX Transp., Inc.*, 691 F.3d 782, 780 (6th Cir. 2012).  Thus, the Court addresses Defendant's arguments under Rule 12(b)(6).  *See, e.g.*, *Mitchelle v. Chapman*, 343 F.3d 811, 820 n.10 (6th Cir. 2003) ("It is well-settled that the ninety day right to sue provision is an administrative condition precedent, rather than a jurisdictional prerequisite.  Consequently, the court should dismiss the action pursuant to Rule 12(b)(6), for failure to state a claim, rather than Rule 12(b)(1) for lack of subject matter jurisdiction.").

'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  Instead, to survive a

motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil

Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that

is plausible on its face.'"  *Id*. (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility is

established "when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.*  The Court is not required

to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 129 S. Ct. At

1949.

In considering whether this facial plausibility standard is met, a Court must construe the

complaint in the light most favorable to the non-moving party, accept all factual allegations as

true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning*

*Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations

omitted).  The Court is not required, however, to accept as true mere legal conclusions

unsupported by factual allegations. *Iqbal*, 129 S.Ct. at 1949.

Ordinarily, the Court may not consider matters outside the pleadings when ruling on a

motion to dismiss without converting it to a motion for summary judgment under Rule 56.  The

Court may, however, consider documents attached to a motion to dismiss or motion for judgment

on the pleadings without converting if they are referred to in the plaintiff's complaint and are

central to the plaintiff's claim. *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997).  The

Court may also consider public records when ruling on such motions. *Nieman v. NLO, Inc.*, 108

F.3d 1546, 1554 (6th Cir. 1997).  Morever, as it relates to this case, the Court may take judicial

notice of the EEOC documents attached to Defendants' Motion without converting the Motion to

one for summary judgment. *See*, *e.g.*, *Caplinger v. Uraniam Disposition Servs., LLC*, No. 08-

548, 2009 WL 367407 (Feb. 11, 2009) ("Documents filed with, and coming from the EEOC, are considered matters of public record" and are properly considered with a motion to dismiss).

### III.

A plaintiff bringing claims under Title VII or the ADA must first exhaust her administrative remedies with the Equal Employment Opportunity Commission ("EEOC") and obtain a right-to-sue letter.  42 U.S.C. § 2000e-5(a); *Mayers v. Sedgwick Claims Mgmt. Servs., Inc.*, 101 Fed. App'x 591, 593 (6th Cir. 2004).  Furthermore, a plaintiff must file her civil action within ninety days of receiving a right-to-sue letter.  42 U.S.C. § 2000e-5(f); 42 U.S.C. § 12117; *Miller v. City of Canton*, 319 Fed. App'x 411, 415 n.2 (6th Cir. 2009) (affirming dismissal of Title VII claims as time barred where the plaintiff failed to timely file his action after receiving a right-to-sue letter).  Failure to obtain a right-to-sue letter or to bring an action within the ninety day period is grounds for dismissal under Rule 12(b)(6).  *Mayers*, 101 Fed. App'x at 593; *Graham-Humphreys v. Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000).

Moreover, "[t]he federal courts have strictly enforced Title VII's ninety-day statutory limit."  *Graham-Humphreys*, 209 F.3d at 557.  "[T]he Supreme Court [has] stated that "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants.'"  *Id.* (quoting *Baldwin Cnty. Welcome Cntr. v. Brown*, 466 U.S. 147, 152 (1984)).  Invariant compliance is necessary because "'experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.'"  *Id.* (quoting *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980)).

Here, Defendant seeks dismissal of two sets of Plaintiff's claims: (1) her failure-to-accommodate claim brought under the ADA; and (2) her race discrimination claim brought under Title VII.[2]  The Court considers each of Defendant's contentions below.

**A.    Claims for Failure to Accommodate and Retaliation Arising from June 2011 EEOC Charge**

Defendant asserts that Plaintiff's failure-to-accommodate claim under the ADA must be dismissed because she failed to obtain a right-to-sue letter.  (Mot. 9, ECF No. 8.)  Plaintiff filed a charge with the EEOC on June 7, 2011, alleging that COTA failed to accommodate her chronic lung condition and retaliated against her for filing a previous EEOC Charge.  (Mot. Ex. 2, ECF No. 8.)  The parties resolved the charge, however, and Plaintiff withdrew it on August 11, 2011.  *Id.* at Ex. 3.  Less than one month later, on September 8, 2011, Defendant discharged Plaintiff.  Because she never received a right-to-sue letter with respect to her June 7, 2011 charge, Defendant asserts that her claims for failure to accommodate and retaliation must be dismissed.

Plaintiff does not dispute that she never obtained a right-to-sue letter with respect to her June 7, 2011 EEOC charge.  Rather, she requests that the Court apply equitable tolling to excuse her failure, indicating that she was unaware that withdrawing the charge would preclude her from filing this action.  (Op. 3, ECF No. 17.)  The United States Court of Appeals for the Sixth Circuit has indicated that equitable tolling could excuse a litigant's failure to obtain a right-to-sue letter.  *Puckett v. Tenn. Eastman Co.*, 889 F.2d 1481, 1488 (6th Cir. 1989).  "Ignorance of the legal process alone," however, "will not provide the basis for an equitable tolling claim." *Jones v. General Motors Corp.*, 939 F.2d 380, 384 (6th Cir. 1991).  Rather, "[t]o successfully raise a claim of equitable tolling, a party must show either fraudulent concealment of the critical

---

[2]Defendant does not seek dismissal of Plaintiff's retaliatory discharge claim.

facts that would lead one to know that [s]he can sue, or a misrepresentation of those facts – whether made in good faith or not – that was calculated to induce a plaintiff to forego that right to sue." *Id.* Here, without more, Plaintiff's lack of knowledge of the law does not warrant equitable tolling.

Plaintiff also seeks equitable tolling on the grounds that Defendant allegedly breached the agreement that prompted her to withdraw the June 7, 2011 charge. Plaintiff contends that Defendant promised that if she withdrew the charge, they would move her to a different facility where she would not be exposed to diesel fumes. (Op. 3, ECF No. 17.) According to Plaintiff, Defendant initially transferred her to another facility pursuant to the agreement, but soon afterward moved her back to the facility where she was exposed to fumes.[3] *Id.*

In making this argument, Plaintiff appears to confuse her June 2011 EEOC charge, which is the one she withdrew without receiving a right-to-sue letter, with her February 2011 charge. Plaintiff posits that Defendant initially transferred her to a new facility pursuant to the agreement, but that the accommodation "was short lived in that she was . . . sent back to the McKinely Avenue Facility where her[] breathing problems began." (Op. 3, ECF No. 17.) According to Plaintiff, "[t]his happened in approximately May/June 2011," *id.*, which was at least two months *before* she withdrew her June 2011 EEOC charge. Consequently, the agreement Defendant allegedly breached must have arisen from the February 2011 charge. Plaintiff has not demonstrated how Defendant's alleged breach of an agreement underlying an

---

[3]Notably, none of these allegations is in her Complaint. Thus, unless some exception applies, the Court may not considered these matters which are not contained in the pleadings when ruling upon this Motion to Dismiss. Plaintiff may not introduce evidence that relates to her claim in the form of her legal memorandum. Nonetheless, because Plaintiff has apparently conflated two of her EEOC charges, the Court will address this contention.

unrelated charge should excuse her failure to obtain a right-to-sue letter on the June 2011 charge.

Nor has she indicated that the alleged breach of the unrelated charge could have been "calculated

to induce a plaintiff to forego th[e] right to sue" on a charge she had yet to file, much less

withdraw. *Jones*, 939 F.2d at 380.

Accordingly, Plaintiff has not demonstrated circumstances sufficient to warrant equitable

tolling with respect to her failure to obtain a right-to-sue relating on her June 7, 2011 EEOC

charge. Consequently, Plaintiff's failure to obtain a right-to-sue letter renders her unable to state

a claim upon which relief can be granted. Accordingly, Plaintiff's claims for failure to

accommodate and retaliation arising from her June 7, 2011 EEOC charge are hereby

**DISMISSED** for failure to state a claim.

### B. Claims for Race Discrimination and Failure to Accommodate Arising From February 2011 EEOC Charge

Defendant also seeks dismissal of Plaintiff's claims for race discrimination and failure-to-

accommodate relating to her February 10, 2011 EEOC charge. (Mot. 5-6, ECF No. 8.)

Defendant asserts that these claims are time-barred because Plaintiff failed to file her civil action

within ninety days of receiving a right-to-sue letter. With respect to the allegations made in her

February 10, 2011 EEOC charge, as Defendant points out, Plaintiff is presumed to have received

her right-to-sue letter on January 28, 2012. *See* 20 C.F.R. § 422.210(c) (setting forth a

presumption that a claimant receives a right-to-sue letter five days after mailing); Compl. Ex. 1,

ECF No. 2-1 (reflecting a mailing date of January 23, 2012). Thus, the ninety-day period within

which she was required to file a civil action expired on April 27, 2012. Plaintiff filed this action

on January 15, 2013, well after the ninety-day deadline expired.[4]

Plaintiff does not dispute that she filed her discrimination claim beyond the ninety-day

time period. (Op. 7, ECF No. 17.) Rather, she urges the Court to apply equitable tolling to

excuse her failure to timely file this action. *Id.* at 4.

The Sixth Circuit Court of Appeals has identified five factors to consider in determining

whether to equitably toll a limitations period:

> 1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the
> filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to
> the defendant; and 5) the plaintiff's reasonableness [in] remaining ignorant of the
> particular legal requirement.

*Truitt v. Cnty. of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998); *see also Weigel v. Baptist Hosp. of*

*East Tenn.*, 302 F.3d 367, 376 (6th Cir. 2002) (applying the five factors identified by the *Truitt*

Court).

Here, although Plaintiff is not clear on this point, she seemingly posits that exceptional

circumstances warrant equitable tolling because Defendant allegedly breached the agreement the

parties reached following the EEOC charge.[5] (Op. 5, ECF No. 17.) Defendant counters that

---

[4]Plaintiff originally timely filed an action for racial discrimination following receipt of
her right-to-sue letter. *Green v. Cent. Ohio Transit Auth.*, No. 2:12-cv-356 (S.D. Ohio 2012).
The filing of that action, however, does not toll or otherwise affect the ninety-day limitations
period. *See Sain v. American Red Cross*, 233 F. Supp. 2d 923 (S.D. Ohio 2002) (quoting *Clark
v. Nissan Motor Mfg. Corp. USA*, No. 97-5956, 1998 WL 786892, *3 (6th Cir. 1998)) ("'If a
plaintiff in possession of a right-to-sue letter files suit within [the statutory filing] period, but
later dismisses the lawsuit without prejudice, courts will regard that plaintiff as never having
filed that suit and will not toll the statutory filing period.'").

[5]As discussed above, Plaintiff indicates in her Opposition that the agreement related to
the June 7, 2011 EEOC charge; however it is clear from the record that it relates to the February
2011 charge.

equitable tolling should not apply because Plaintiff has failed to establish that she was unable to timely commence this action.  (Reply 2, ECF No. 19.)

The Court declines to apply equitable tolling to Plaintiff's claims arising from her February 2011 EEOC charge.  Even assuming Defendant breached the agreement arising from Plaintiff's February 2011 charge, Plaintiff has not demonstrated that the breach prevented her from timely filing these claims.  Her filing is especially dilatory given that the EEOC issued a right-to-sue letter on January 23, 2012, nearly six months after Plaintiff's termination and nine months after the alleged breach took place.  Put another way, even if Defendant breached their agreement to provide a reasonable accommodation, Plaintiff still had ample opportunity to timely file this action.  *See Steiner v. Henderson*, 354 F.3d 432, 438 (6th Cir. 2003) (quoting *Graham-Humphreys*, 209 F.3d at 560-61) ("[T]ypically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.").  Nor has Plaintiff demonstrated, or even mentioned, the five factors relevant to the equitable tolling determination.  In the absence of any allegation or evidence that any of the five *Truitt-* factors applies here, the Court declines to apply equitable tolling to excuse Plaintiff's failure to timely file her race discrimination claim.  Accordingly, Plaintiff's race discrimination claim is hereby **DISMISSED** for failure to state a claim.[6]

### III.

------

[6]Plaintiff indicates that even if her claims for race discrimination and failure to accommodate are dismissed, she is still entitled to offer evidence of the purported discrimination and accommodation issues to prove her retaliatory-discharge claim.  (Op. 7, ECF No. 17.)  The question of whether certain evidence will be admissible at trial in this matter is reserved for pretrial motions *in limine*.  Nothing in this Opinion should be construed as a determination either way as to the admissibility of evidence of purported discrimination or failure to accommodate.

Accordingly, Defendant's Motion to Dismiss is **GRANTED**.  (ECF No. 8.)  Plaintiff's claims for failure to accommodate in violation of the ADA and race discrimination in violation of Title VII are hereby **DISMISSED** for failure to state a claim.  Consequently, the only claim that remains in this action is Plaintiff's claim for retaliatory discharge.

**IT IS SO ORDERED**.

Date: August 20, 2013                    ____/s/ *Elizabeth A. Preston Deavers*____
                                                          Elizabeth A. Preston Deavers
                                                          United States Magistrate Judge

11