UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Teresa D. Green | : |
| Plaintiff, | : Case No.: 2:13 cv 0041 |
| vs. | : |
| Central Ohio Transit Authority | : Magistrate Judge Preston Deavers |
| Defendant. | : |

### STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

The parties in this matter have agreed to the terms of this Stipulated Confidentiality and Protective Order ("Order") as Plaintiff has requested confidential and personal information regarding Central Ohio Transit Authority's former employee's, Jon Hancock's, medical leave of absence ("Confidential Information"). Such information is not subject to a public records request and is confidential. To ensure that protection is afforded only to these materials, which are entitled to such protection; accordingly, it is SO ORDERED

1. The restrictions upon and obligations accruing to persons who become subject to this Order shall not apply to any information produced in accordance with Paragraph 2 below as to which the Court rules, after proper notice and hearing, that such information is not Confidential Information protected by this Order.

2. Documents shall be designated by placing the legend "CONFIDENTIAL" for Confidential Information on each page of the Document prior to production of the document. Other records and items shall be prominently marked in a reasonably equivalent way. Designated material not reduced to documentary, tangible or physical form or which cannot be conveniently designated in the manner set forth herein shall be designated by the producing party by informing the receiving party in writing. If the Confidential Information is contained in

deposition, trial, hearing, or other testimony, any such transcript of testimony may be designated as containing Confidential Information in accordance with this Order by so notifying all other parties on the record, at the time the testimony is taken, or by notifying all other parties in writing within thirty (30) days of receipt of the transcript, of the specific pages and line numbers of the transcript containing Confidential Information. Only such designated pages and line numbers shall be Confidential Information under this Order.

3. Inadvertent failure to designate any information as Confidential Information pursuant to this Order shall not constitute a waiver of any otherwise valid claim for protection, so long as the designation is asserted after discovering the inadvertent failure to so designate. In the event of such assertion, arrangements shall be made to allow the disclosing party to appropriately label the information in accordance with this Order. The recipient shall have no liability, under this Order or otherwise, for any disclosure of information contained in unlabeled documents or things occurring before the recipient was placed on notice of the party's designation.

4. This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief, or other submission to the Court must notify the party who designed such document(s) as Confidential Information as soon as possible, and in no event at least five days prior to the submission, to allow the designating party time to move the Court for an order permitting the sealing of such document, which order will only be granted where the designating party demonstrates good cause that the particular documents justify non-public filing. To the extent the Court grants the designating party's motion for filing of documents designated as Confidential Information under seal, the party wishing to file such documents shall comply with Local Rule 79.3, governing the filing of sealed documents.

5. In the absence of written permission from the disclosing party or further order by the Court, any Confidential Information produced in accordance with the provisions of this Order shall not be disclosed, whether directly or indirectly, to any person or entity other than: (i) outside counsel for parties to this litigation, including necessary paralegal, secretarial, and clerical personnel assisting said counsel; (ii) parties to this litigation; (iii) in-house counsel for any Party to this litigation who have a need to use the information in connection with this lawsuit, including necessary paralegal, secretarial, and clerical personnel assisting said counsel; (iv) qualified persons recording testimony concerning or involving the documents or information, including necessary stenographic and clerical personnel thereof; (v) subject to the provisions of Paragraph 6 below, a) experts and consultants (and their staff) of the type covered by the Federal Rules of Civil Procedure who are specially employed for purposes of this litigation by the non-producing Party and who are not employees of, or regular business consultants to, said Party or its affiliates, and b) witnesses during a deposition if the examining counsel in good faith believes it is necessary to develop its claims or defenses; and (vi) the Court, including necessary secretarial and clerical personnel assisting the Court.

6. Confidential Information disclosed in accordance with the provisions of Paragraph 5 above shall not be made available to any person designated in Paragraph 5(iv) or (v) unless he or she has first read this Order and has agreed, by executing an undertaking in the form attached as Appendix 1 to this Order, to all of the following terms and conditions: (i) to be bound by the terms of this Order and the terms of the Undertaking; (ii) not to reveal the Confidential Information to anyone other than those persons designated in Paragraph 5; and (iii) to utilize the Confidential Information solely for purposes of this litigation.

7. All Confidential Information produced in accordance with the provisions of this Order shall be utilized solely for purposes of this litigation. Use for purposes of this litigation

3

shall include use in testimony and exhibits at trial or hearing, or in connection with any motions, depositions, or witness preparation, subject to the restrictions of this Order, but shall not include use for or in connection with research, development, manufacture, sales, or marketing of any product or for any business or commercial purpose.

8. All Confidential Information shall be stored by the receiving party in a secure location.

9. If any party who is entitled to receive any Confidential Information produced in accordance with this Order disagrees with respect to its designation as Confidential Information, whether in whole or in part, then said Party shall notify the producing party in writing of the objection, and the parties shall thereupon confer within ten (10) calendar days of the written notification. If the recipient and the producing party are unable to agree as to the status of the subject information, any party may by motion raise the issue of the designation to the Court, which will consider the issue. The contested information shall remain confidential unless and until the Court rules to the contrary. Acceptance by any party of any information designated as Confidential Information shall not constitute a concession that said information is indeed confidential.

10. The parties may by stipulation provide for exceptions to this Order and any party may seek an order of the Court modifying this Order upon good cause shown.

11. A copy of this Order shall be presented to the Court Reporter or the Court Reporter shall be informed of the provisions of this Order by the party disclosing Confidential Information upon the taking of any deposition in this action at or prior to the time when any question is propounded involving Confidential Information. Portions of the original deposition transcript designated as Confidential and including the Court Reporter's notes therefor shall be placed by the Court Reporter in a sealed envelope marked with the title of the Court and the style

of this case and the following statement: "RESTRICTED - THIS ENVELOPE [OR CONTAINER] CONTAINS CONFIDENTIAL INFORMATION. IT MAY NOT BE OPENED, AND THE CONTENTS MAY NOT BE DISPLAYED OR REVEALED (EXCEPT TO ATTORNEYS OF RECORD FOR A PARTY), EXCEPT BY ORDER OF THE COURT OR CONSENT OF THE PARTY OR PARTIES WHOSE CONFIDENTIAL INFORMATION IS CONTAINED HEREIN." The Court Reporter shall return the envelope to the attorney taking the deposition, and copies may be provided to all counsel. Designated portions of copies of the deposition transcript shall be treated as Confidential Information as provided by this Order. If deposition testimony requires the disclosure of Confidential Information, that portion of the deposition will be closed to all persons except the deponent, the Court Reporter, and the persons designated in, and pursuant to the terms and conditions of, Paragraph 5 of this Order as applicable, until otherwise decided by the Court.

12. At any time, the producing party may disclose its own Confidential Information to third parties not involved in this litigation or otherwise use its own Confidential Information without restriction by this Order.

13. If counsel, a party, or any recipient receives a subpoena or other process or order seeking the production of Confidential Information, the attorney, party, or recipient shall promptly notify the designating party's attorney of record, furnish said attorney with a copy of the subpoena or other process or order, and cooperate with the designating party's efforts to address the issue and protect the confidentiality. The designating party has the burden of defending against any subpoena or other process or order to the extent that said subpoena, process, or order seeks production or disclosure of its Confidential Information. If the designating party timely moves in the appropriate forum to prevent production or disclosure of its Confidential Information and diligently prosecutes that motion, the attorney, party, or

5

recipient receiving the subpoena shall not produce the requested Confidential Information unless ordered to do so by a court of competent jurisdiction. If that designating party fails to move for protection prior to the deadline for production under the applicable rules or regulations, the attorney, party, or recipient shall be entitled to comply with the subpoena or other process or order.

14. The taking or failure to take any action to enforce the provisions of this Order, or the failure to object to any act or omission by any party, shall not waive any claim or defense in this lawsuit, including any claim or defense that information is or is not proprietary, secret, or confidential. The procedures set forth in this Order shall not affect the rights of the parties to object to discovery, nor shall they relieve a party of the duty to properly respond to discovery requests

15. Absent a signed, written stipulation or agreement of the parties, or an order of the Court, the existence of this Order, the fact of any designation under this Order, and the rulings of the Court regarding any designation under this Order, shall not be admissible during trial or hearing of this action.

16. Consent to this Order or designation under this Order does not constitute a waiver of any objection to the production of proprietary or trade secret information upon any grounds, including but not limited to, relevance or not reasonably calculated to lead to the discovery of admissible evidence. Further, any privilege which would otherwise be applicable to the Confidential Information is not waived by the production of such material, and all parties are free to object to the admissibility of such confidential material at trial or hearing on the grounds of any such privilege. Furthermore, this production will not bar the assertion of any such privilege at a later date with respect to similar or related materials.

17. This Order shall survive the final disposition and termination of this action with respect to any Confidential Information. Within sixty (60) days after the final resolution of the case through whatever means, including any related appeals, all originals and all copies of all documents designated as Confidential Information shall either be returned to the appropriate designating party by the recipients or destroyed. All notes and written work product containing or referencing Confidential Information shall be destroyed or returned to the appropriate designating party. Compliance with this Paragraph shall be certified in writing to the appropriate designating party.

SO ORDERED.

Signed on this the 20th day of November, 2014.

Magistrate Judge Preston Deavers

Stipulated and Agreed to by:

/s/ Marcus A. Ross, per email consent on 11/19/2014
Marcus A. Ross (0067540)
2740 Airport Drive, Suite 300
Columbus, Ohio 43219
marcusaross@yahoo.com

**Counsel for Plaintiff, Teresa Green**

/s/ Jill S. Kirila
Jill S. Kirila (0068593)
Tara A. Aschenbrand (0075090)
Squire Patton Boggs (US) LLP
2000 Huntington Center
41 South High Street
Columbus, Ohio 43215
(614) 365-2700
(614) 365-2499
jill.kirila@squirepb.com
tara.aschenbrand@squirepb.com

**Counsel for Defendant,
Central Ohio Transit Authority**

## APPENDIX 1

### UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **Teresa D. Green** | : | |
| | : | |
| Plaintiff, | : | Case No.: 2:13 cv 0041 |
| | : | |
| vs. | : | |
| | : | |
| **Central Ohio Transit Authority** | : | **Magistrate Judge Preston Deavers** |
| | : | |
| Defendant. | : | |

UNDERTAKING OF _____
UNDER STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER AGAINST
UNAUTHORIZED USE OR DISCLOSURE OF CONFIDENTIAL INFORMATION

I, _____, declare under penalty of perjury as follows:

1. My business address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

   _____

   _____.

4. *[For all experts and consultants only]* Except as retained by _____ _____ in connection with the above-referenced action, I am not currently employed by any party to this lawsuit or regularly engaged as an independent contractor or consultant by or for any party to this lawsuit.

5. I hereby acknowledge and agree that any information or material designated as "CONFIDENTIAL" that I receive or review in connection with this lawsuit is being provided to me pursuant to the terms and restrictions of the attached Stipulated Confidentiality and Protective Order (the "Order").

6. I have read and understand the Order, and I agree to comply with and be bound by each and every term therein. I understand and agree that I am to handle all of the materials that I receive which have been designated as "CONFIDENTIAL" in a manner consistent with the Order. I further understand and agree to utilize all of the materials that I receive which have been designated as "CONFIDENTIAL," solely for purposes of this litigation, and that such materials, including any notes relating thereto, shall not be disclosed to or discussed with anyone not permitted under the Order to see same.

7. No later than sixty (60) days after final termination of this litigation, including any and all appeals, or resolution through settlement, I agree to return to the counsel of record who provided me with such materials all information and documents designated as "CONFIDENTIAL", including all copies, extracts, and summaries thereof (and including those I prepared), or I will certify in writing that all such materials have been destroyed. Such return or destruction shall not relieve me from any of the continuing obligations imposed upon me by the Order.

8. I hereby submit myself to the jurisdiction of the United States District Court for the Southern District of Ohio, Eastern Division, for the limited purpose of assuring my compliance with the Order. I waive all any and all objections to jurisdiction and venue in any action brought to enforce the Order against me.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed at _____, this ___ day of _____, 201__.

_____
SIGNATURE

_____
PRINTED NAME